**B1 (Official Form 1)(04/13)**

| United States Bankruptcy Court<br>**Northern District of Illinois** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Clark, Adam L.** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Clark, Alysia M.** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br><br>**AKA Alysia M. Lohnes; AKA Alysia M. Zak** |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all)<br>**xxx-xx-6796** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-8955** |
| Street Address of Debtor (No. and Street, City, and State):<br>**13917 South Marybrook Drive**<br>**Plainfield, IL**                    ZIP Code **60544** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**13917 South Marybrook Drive**<br>**Plainfield, IL**                    ZIP Code **60544** |
| County of Residence or of the Principal Place of Business:<br>**Will** | County of Residence or of the Principal Place of Business:<br>**Will** |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

**Type of Debtor**
(Form of Organization)  (Check one box)

- ■ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities,
  check this box and state type of entity below.)

**Nature of Business**
(Check one box)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined
  in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Chapter of Bankruptcy Code Under Which**
**the Petition is Filed** (Check one box)

- ■ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition
  of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition
  of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**

Country of debtor's center of main interests:

Each country in which a foreign proceeding
by, regarding, or against debtor is pending:

**Tax-Exempt Entity**
(Check box, if applicable)

- ☐ Debtor is a tax-exempt organization
  under Title 26 of the United States
  Code (the Internal Revenue Code).

**Nature of Debts**
(Check one box)

- ■ Debts are primarily consumer debts,
  defined in 11 U.S.C. § 101(8) as
  "incurred by an individual primarily for
  a personal, family, or household purpose."
- ☐ Debts are primarily
  business debts.

**Filing Fee** (Check one box)

- ■ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must
  attach signed application for the court's consideration certifying that the
  debtor is unable to pay fee except in installments. Rule 1006(b). See Official
  Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must
  attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates)
  are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors,
  in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid,
  there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | OVER<br>100,000 |

Estimated Assets

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

B1 (Official Form 1)(04/13)

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Clark, Adam L.**<br>**Clark, Alysia M.** |

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet)

| Location<br>Where Filed:  **- None -** | Case Number: | Date Filed: |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet)

| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐  Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>**X** **/s/ Kelly Smith**                          **July 15, 2014**<br>Signature of Attorney for Debtor(s)              (Date)<br>**Kelly Smith** |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

  ☐ Yes, and Exhibit C is attached and made a part of this petition.

  ■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

  ■  Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

  ■  Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

  ■   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

  ☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

  ☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

  ☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

  _____
  (Name of landlord that obtained judgment)


  _____
  (Address of landlord)


  ☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

  ☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

  ☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(04/13)                                                                                              Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Clark, Adam L.**<br>**Clark, Alysia M.** |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  **/s/ Adam L. Clark**
_____
Signature of Debtor  **Adam L. Clark**

X  **/s/ Alysia M. Clark**
_____
Signature of Joint Debtor **Alysia M. Clark**

_____
Telephone Number (If not represented by attorney)

**July 15, 2014**
_____
Date

### Signature of Attorney*

X  **/s/ Kelly Smith**
_____
Signature of Attorney for Debtor(s)

**Kelly Smith 6288605**
_____
Printed Name of Attorney for Debtor(s)

**The Law Offices of Stuart B. Handelman, P.C.**
_____
Firm Name
**200 S. Michigan Avenue, Suite 205**
**Chicago, IL 60604**

_____
Address

**Email: court@sbhpc.net**
**(312) 360-0500  Fax: (312) 360-1033**
_____
Telephone Number

**July 15, 2014**
_____
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X  _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X  _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois

In re    **Adam L. Clark**
      **Alysia M. Clark**                  Case No. _____

                              Debtor(s)       Chapter    **7** _____

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

      ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

      ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

      ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    **/s/ Adam L. Clark**
                              **Adam L. Clark**

Date:    **July 15, 2014**

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois

In re    **Adam L. Clark**
        **Alysia M. Clark**

                                       Debtor(s)

Case No. _____

Chapter    **7**

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:  **/s/ Alysia M. Clark**
                      **Alysia M. Clark**

Date:  **July 15, 2014**

B 6 Summary (Official Form 6 - Summary) (12/13)

# United States Bankruptcy Court
## Northern District of Illinois

In re    **Adam L. Clark,**
         **Alysia M. Clark**

Case No. _____

Debtors

Chapter _____7_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 167,333.00 | | |
| B - Personal Property | Yes | 3 | 43,807.31 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | 402,834.22 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 3 | | 7,348.81 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 8 | | 276,067.88 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 2 | | | 5,356.77 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 5,863.00 |
| Total Number of Sheets of ALL Schedules | | 24 | | | |
| Total Assets | | | 211,140.31 | | |
| Total Liabilities | | | | 686,250.91 | |

B 6 Summary (Official Form 6 - Summary) (12/13)

# United States Bankruptcy Court
## Northern District of Illinois

In re    **Adam L. Clark,**
     **Alysia M. Clark**

                    Debtors

Case No. _____

Chapter _____ **7** _____

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐   Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 7,348.81 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 7,348.81 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 12) | 5,356.77 |
| Average Expenses (from Schedule J, Line 22) | 5,863.00 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 5,888.01 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 221,746.47 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 7,348.81 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 276,067.88 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 497,814.35 |

B6A (Official Form 6A) (12/07)

In re    **Adam L. Clark,**

       **Alysia M. Clark**

                                   Debtors

Case No. _____

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Residential Real Estate located at 13917 South Marybrook Drive, Plainfield, IL 60544** | | W | 167,333.00 | 200,105.47 |
| **Burial Plot in Justice, IL** | | W | 0.00 | 0.00 |

| | | | |
|---|---|---|---|
| Sub-Total > | 167,333.00 | (Total of this page) |
| Total > | 167,333.00 | |
| | (Report also on Summary of Schedules) | |

__0__   continuation sheets attached to the Schedule of Real Property

B6B (Official Form 6B) (12/07)

In re    **Adam L. Clark,**                                      Case No. _____
         **Alysia M. Clark**
                                                                                ,
                          Debtors

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **BMO Harris Bank Checking Account In Debtors' Possession** | J | 600.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **Household Goods In Debtors' Possession** | J | 500.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **Clothing In Debtors' Possession** | J | 200.00 |
| 7. Furs and jewelry. | | **Wedding Rings In Debtors' Possession** | J | 200.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | **Miscellaneous Sporting Equipment In Debtors' Possession** | J | 100.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **Term Life Insurance through Employer** | H | 0.00 |
| | | **Term Life Insurance through Onieda** | H | 0.00 |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >        1,600.00
(Total of this page)

__2__    continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                                      Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    **Adam L. Clark,**                                          Case No. _____
      **Alysia M. Clark**
                                             ,
                                  Debtors

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | IRA | | H | 28,043.31 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

                                                      Sub-Total >         **28,043.31**
                                            (Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Adam L. Clark,**    Case No. _____
 **Alysia M. Clark**

_____,
Debtors

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2009 Mitsubishi Outlander, 92,000 miles In Debtors' Possession | H | 7,077.00 |
| | | 2008 Toyota Yaris, 63,000 miles In Debtors' Possession | H | 7,087.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | | Two (2) Dogs In Debtors' Possession | J | 0.00 |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Sub-Total >      14,164.00
(Total of this page)

Total >      43,807.31

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6C (Official Form 6C) (4/13)

In re    **Adam L. Clark,**                    Case No. _____

         **Alysia M. Clark**

                                 Debtors

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:    ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                      $155,675. *(Amount subject to adjustment on 4/1/16, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)                                        *with respect to cases commenced on or after the date of adjustment.)*
■ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| **Residential Real Estate located at 13917 South Marybrook Drive, Plainfield, IL 60544** | **735 ILCS 5/12-901** | **15,000.00** | **167,333.00** |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **BMO Harris Bank Checking Account** **In Debtors' Possession** | **735 ILCS 5/12-1001(b)** | **600.00** | **600.00** |
| **Household Goods and Furnishings** | | | |
| **Household Goods** **In Debtors' Possession** | **735 ILCS 5/12-1001(b)** | **500.00** | **500.00** |
| **Wearing Apparel** | | | |
| **Clothing** **In Debtors' Possession** | **735 ILCS 5/12-1001(a)** | **200.00** | **200.00** |
| **Furs and Jewelry** | | | |
| **Wedding Rings** **In Debtors' Possession** | **735 ILCS 5/12-1001(b)** | **200.00** | **200.00** |
| **Firearms and Sports, Photographic and Other Hobby Equipment** | | | |
| **Miscellaneous Sporting Equipment** **In Debtors' Possession** | **735 ILCS 5/12-1001(b)** | **100.00** | **100.00** |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| **IRA** | **735 ILCS 5/12-1006** | **28,043.31** | **28,043.31** |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **2008 Toyota Yaris, 63,000 miles** **In Debtors' Possession** | **735 ILCS 5/12-1001(c)** | **409.25** | **7,087.00** |

                                           Total:      **45,052.56**      **204,063.31**

__0__   continuation sheets attached to Schedule of Property Claimed as Exempt

B6D (Official Form 6D) (12/07)

In re    **Adam L. Clark,**
**Alysia M. Clark**

Case No. _____

_____,
Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | | |
| Account No. **xxxxx8982**<br><br>**Bank of America Home Loans**<br>P.O. Box 5170<br>Simi Valley, CA 93062-5170 | X | W | | | **Mortgage**<br><br>**Residential Real Estate located at 13917 South Marybrook Drive, Plainfield, IL 60544** | | | | | |
| | | | | | Value $          **167,333.00** | | | | **200,105.47** | **32,772.47** |
| Account No.<br><br>**Pierce & Associates**<br>1 N. Dearborn, Suite 1300<br>Chicago, IL 60602 | | | | | **Representing:**<br>**Bank of America Home Loans** | | | | **Notice Only** | |
| | | | | | Value $ | | | | | |
| Account No. **xxx7326**<br><br>**Capital One Auto Finance**<br>P.O. Box 60511<br>City of Industry, CA 91716-0511 | | H | | | **2010**<br><br>**Purchase Money Security Interest**<br><br>**2008 Toyota Yaris, 63,000 miles**<br>**In Debtors' Possession** | | | | | |
| | | | | | Value $            **7,087.00** | | | | **6,677.75** | **0.00** |
| Account No. **x4541**<br><br>**Nationstar Mortgage**<br>P.O. Box 199111<br>Dallas, TX 75219-9111 | X | H | | | **Mortgage**<br><br>**Real Estate located at 1437 Mesa Drive, Bolingbrook, IL 60490**<br>**DEBTOR NOT ON TITLE** | | | | | |
| | | | | | Value $                **0.00** | | | | **187,187.00** | **187,187.00** |

**__1__** continuation sheets attached

| | | |
|---|---|---|
| Subtotal<br>(Total of this page) | **393,970.22** | **219,959.47** |

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

B6D (Official Form 6D) (12/07) - Cont.

In re    **Adam L. Clark,**                                    Case No. _____
      **Alysia M. Clark,**
_____,
                  Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | | |
| Account No.<br><br>**Heavner, Scott & Beyers**<br>**111 E. Main Street, Ste 200**<br>**Decatur, IL 62523** | | | | | **Representing:**<br>**Nationstar Mortgage** | | | | **Notice Only** | |
| | | | | | Value $ | | | | | |
| Account No. **xxxxxxx0100**<br><br>**Old Plank Trail Community Bank**<br>**20012 Wolf Road**<br>**Mokena, IL 60448** | | H | | | **Purchase Money Security Interest**<br><br>**2009 Mitsubishi Outlander, 92,000 miles**<br>**In Debtors' Possession** | | | | **8,864.00** | **1,787.00** |
| | | | | | Value $                         **7,077.00** | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |

Sheet __1__ of __1__ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

| | Subtotal (Total of this page) | **8,864.00** | **1,787.00** |
|---|---|---|---|
| | Total (Report on Summary of Schedules) | **402,834.22** | **221,746.47** |

B6E (Official Form 6E) (4/13)

In re   **Adam L. Clark,**                                                              Case No. _____
        **Alysia M. Clark**

_____,
Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

■ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**2**___ continuation sheets attached

B6E (Official Form 6E) (4/13) - Cont.

In re **Adam L. Clark,**                    Case No. _____
       **Alysia M. Clark**

_____,
Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Domestic Support Obligations**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY / AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| Account No.<br><br>**Nicole Mannis**<br>**100 Saugatuck**<br>**Montgomery, IL 60538** | | H | **Child Support**<br><br>**NOTICE ONLY** | | | | <br><br><br>0.00 | 0.00<br><br><br>0.00 |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |

Sheet __1__ of __2__ continuation sheets attached to Schedule of Creditors Holding Unsecured Priority Claims

Subtotal
(Total of this page)     0.00     0.00     0.00

B6E (Official Form 6E) (4/13) - Cont.

In re  **Adam L. Clark,**                                    Case No. _____
    **Alysia M. Clark**
_____,
Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Taxes and Certain Other Debts**
**Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. **xxx-xx-6796** <br><br> **Internal Revenue Service** <br> **P.O. Box 7346** <br> **Philadelphia, PA 19101-7346** | | H | **2012 Federal Income Taxes** | | | | 7,348.81 | 0.00 | 7,348.81 |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |

Sheet __2__ of __2__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | Subtotal (Total of this page) | 7,348.81 | 0.00 <br> 7,348.81 |
|---|---|---|---|
| | Total (Report on Summary of Schedules) | 7,348.81 | 0.00 <br> 7,348.81 |

B6F (Official Form 6F) (12/07)

In re **Adam L. Clark,**
   **Alysia M. Clark**

Case No. _____

_____,
                                    Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | Legal Services | | | | |
| **A. Traub & Associates** **101 Orchard Terrace** **Lombard, IL 60148** | | H | | | | | **12,727.87** |
| Account No. **x1002** | | | Credit Card | | | | |
| **American Express** **Box 0001** **Los Angeles, CA 90096-0001** | | H | | | | | **1,637.88** |
| Account No. | | | | | | | |
| **Nationwide Credit, Inc.** **2002 Summit Blvd., Suite 600** **Atlanta, GA 30319-1559** | | | Representing: **American Express** | | | | **Notice Only** |
| Account No. **xxxx-xxxx-xxxx-7025** | | | Credit Card | | | | |
| **Bank of America** **P.O. Box 982235** **El Paso, TX 79998** | | W | | | | | **7,350.88** |

_**7**_ continuation sheets attached

Subtotal
(Total of this page)

**21,716.63**

B6F (Official Form 6F) (12/07) - Cont.

In re **Adam L. Clark,**                                                    Case No. _____
     **Alysia M. Clark**
_____,
                              Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br>**Cach LLC** <br>**4340 S. Monaco, 2nd Floor** <br>**Denver, CO 80237** | | | **Representing:** <br>**Bank of America** | | | | **Notice Only** |
| Account No. <br><br>**Northstar Location Services, LLC** <br>**ATTN: Financial Services Dept** <br>**4285 Genesee St.** <br>**Buffalo, NY 14225** | | | **Representing:** <br>**Bank of America** | | | | **Notice Only** |
| Account No. <br><br>**Primary Financial Services, LLC** <br>**5959 Corporate Drive, Suite 1400** <br>**Houston, TX 77036** | | | **Representing:** <br>**Bank of America** | | | | **Notice Only** |
| Account No. **xxxx4893** <br><br>**Barclays Bank Delaware** <br>**P.O. Box 8803** <br>**Wilmington, DE 19899** | | H | **Credit Card** | | | | **2,667.00** |
| Account No. **xxxx-xxxx-xxxx-1943** <br><br>**Card Services** <br>**P.O. Box 13337** <br>**Philadelphia, PA 19101-3337** | | H | **Credit Card** | | | | **2,753.81** |

Sheet no. __1__ of __7__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                    **5,420.81**

B6F (Official Form 6F) (12/07) - Cont.

In re **Adam L. Clark,**           Case No. _____

    **Alysia M. Clark**

_____,

Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxx-xxxx-xxxx-9519** | | | Credit Card | | | | |
| **Chase** P.O. Box 15298 Wilmington, DE 19850 | | W | | | | | 2,678.49 |
| Account No. | | | | | | | |
| **MRS Associates** 1930 Olney Avenue Cherry Hill, NJ 08003 | | | Representing: Chase | | | | Notice Only |
| Account No. **xxxxxx9014** | | | Utility | | | | |
| **ComEd** P.O. Box 6111 Carol Stream, IL 60197-6111 | | H | | | | | 446.85 |
| Account No. | | | | | | | |
| **Contract Callers Inc.** P.O. Box 212609 Augusta, GA 30917 | | | Representing: ComEd | | | | Notice Only |
| Account No. **xxxxxxx2649** | | | Credit Card | | | | |
| **Credit One Bank** PO Box 98873 Las Vegas, NV 89193 | | W | | | | | 297.00 |

Sheet no. __2__ of __7__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)    **3,422.34**

B6F (Official Form 6F) (12/07) - Cont.

In re  **Adam L. Clark,**
      **Alysia M. Clark**
                                               ,
                              Debtors

Case No. _____

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxxx4040** | | | Medical Bills | | | | |
| **Edward Hospital** **P.O. Box 4207** **Carol Stream, IL 60197** | | W | | | | | 451.00 |
| Account No. | | | | | | | |
| **Merchants' Credit Guide Co.** **223 W. Jackson Boulevard, Suite 410** **Chicago, IL 60606** | | | Representing: Edward Hospital | | | | Notice Only |
| Account No. **xxxx-x800M** | | | Legal Services | | | | |
| **ESP Kreuzer Cores LLP** **400 S. County Farm Road, Suite 200** **Wheaton, IL 60187** | | H | | | | | 8,993.75 |
| Account No. **xxxxxxxxxxxxx0011** | | | Mortgage Deficiency | | | | |
| **First National Bank of IL** **3256 Ridge Road** **Lansing, IL 60438** | X | W | | | | | 220,730.00 |
| Account No. | | | | | | | |
| **Law Offices of Ronald N. Primack** **18401 Maple Creek Drive, Suite 100** **Tinley Park, IL 60477** | | | Representing: First National Bank of IL | | | | Notice Only |

Sheet no. __3__ of __7__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

230,174.75

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com

B6F (Official Form 6F) (12/07) - Cont.

In re  **Adam L. Clark,**                                             Case No. _____
       **Alysia M. Clark**
_____,
                                              Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxxxxxxxx5542**<br><br>**GE Capital Retail Bank**<br>**P.O. Box 960061**<br>**Orlando, FL 32896-0061** | | H | Charge Account | | | | 2,483.78 |
| Account No.<br><br>**Encore Receivable Management**<br>**400 Rogers N Road**<br>**P.O. Box 3330**<br>**Olathe, KS 66063-3330** | | | Representing:<br>GE Capital Retail Bank | | | | Notice Only |
| Account No. **xxxxxxxxxxx6967**<br><br>**GE Capital Retail Bank**<br>**P.O. Box 960061**<br>**Orlando, FL 32896-0061** | | H | Collection | | | | 666.06 |
| Account No.<br><br>**Oliphant Ginancial**<br>**9009 Town Center Parkway**<br>**Lakewood Ranch, FL 34202-4175** | | | Representing:<br>GE Capital Retail Bank | | | | Notice Only |
| Account No. **xxxxxxx78WI**<br><br>**Grove Dental Associates P.C.**<br>**406 W. Boughton Rd., Suite B**<br>**Bolingbrook, IL 60440** | | W | Dentist | | | | 2,709.11 |

Sheet no. __4__ of __7__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)          **5,858.95**

B6F (Official Form 6F) (12/07) - Cont.

In re **Adam L. Clark,**
  **Alysia M. Clark**

Case No. _____

_____,
Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | |
| Account No. <br><br> **Jay K. Levy & Associates** <br> **155 Revere Drive Suite 2** <br> **Northbrook, IL 60062-1558** | | | | Representing: <br> **Grove Dental Associates P.C.** | | | | **Notice Only** |
| Account No. **xx2300** <br><br> **Naperville Radiologists SC** <br> **P.O. Box 70** <br> **Hinsdale, IL 60521** | | W | | Medical Bills | | | | **46.00** |
| Account No. <br><br> **ATG Credit** <br> **1700 W. Corland Street, Suite 201** <br> **Chicago, IL 60622** | | | | Representing: <br> **Naperville Radiologists SC** | | | | **Notice Only** |
| Account No. **4274** <br><br> **Rogers Medical Ltd.** <br> **24012 West Renwick Road** <br> **Unit 14 & 15** <br> **Plainfield, IL 60544-2109** | | H | | Medical Bills | | | | **129.00** |
| Account No. **6470** <br><br> **Rogers Medical Ltd.** <br> **24012 West Renwick Road** <br> **Unit 14 & 15** <br> **Plainfield, IL 60544-2109** | | H | | Medical Bills | | | | **1,452.00** |

Sheet no. __5___ of __7__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**1,627.00**

B6F (Official Form 6F) (12/07) - Cont.

In re  **Adam L. Clark,**
**Alysia M. Clark**                                                   Case No. _____
_____,
                                          Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxxxx8866** | | | Vehicle Deficiency | | | | |
| **U.S. Bank**<br>**P.O. Box 2407**<br>**Minneapolis, MN 55402** | X | W | | | | | **1,103.82** |
| Account No. | | | | | | | |
| **Credit Control, LLC**<br>**5757 Phantom Drive Suite 330**<br>**Hazelwood, MO 63042** | | | Representing:<br>U.S. Bank | | | | **Notice Only** |
| Account No. | | | | | | | |
| **Denovus Corporation, Ltd.**<br>**480 Johnson Rd. Suite 110**<br>**Washington, PA 15301** | | | Representing:<br>U.S. Bank | | | | **Notice Only** |
| Account No. | | | | | | | |
| **United Recovery Systems, Inc.**<br>**5800 N. Course Drive**<br>**Houston, TX 77072** | | | Representing:<br>U.S. Bank | | | | **Notice Only** |
| Account No. **xxxxxxx1446** | | | Credit Card | | | | |
| **U.S. Bank**<br>**P.O. Box 108**<br>**Saint Louis, MO 63166** | | W | | | | | **6,743.58** |

Sheet no. __6___ of __7___ sheets attached to Schedule of          Subtotal
Creditors Holding Unsecured Nonpriority Claims                (Total of this page)          **7,847.40**

B6F (Official Form 6F) (12/07) - Cont.

In re **Adam L. Clark,**  **Alysia M. Clark**

Case No. _____

_____,
Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. **Blatt, Hasenmiller, Leibsker & Moore LLC 125 S. Wacker Drive, Suite 400 Chicago, IL 60606** | | | | Representing: U.S. Bank | | | | **Notice Only** |
| Account No. **Portfolio Recovery Assoc. 120 Corporate Blvd., Suite 100 Norfolk, VA 23502-4962** | | | | Representing: U.S. Bank | | | | **Notice Only** |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |

Sheet no. **7** of **7** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) **0.00**

Total
(Report on Summary of Schedules) **276,067.88**

B6G (Official Form 6G) (12/07)

In re   **Adam L. Clark,**                                           Case No. _____
        **Alysia M. Clark**

_____,
                                    Debtors

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
| --- | --- |
|  |  |

0
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

B6H (Official Form 6H) (12/07)

In re    **Adam L. Clark,**
      **Alysia M. Clark,**

Case No. _____

_____,
Debtors

# SCHEDULE H - CODEBTORS

     Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Debra Charles**<br>**1437 Mesa Drive**<br>**Bolingbrook, IL 60490** | **Nationstar Mortgage**<br>**P.O. Box 199111**<br>**Dallas, TX 75219-9111** |
| **Jerome Zak**<br>**3815 Cherry Tree Lane**<br>**Joliet, IL 60435** | **Bank of America Home Loans**<br>**P.O. Box 5170**<br>**Simi Valley, CA 93062-5170** |
| **Jerome Zak**<br>**3815 Cherry Tree Lane**<br>**Joliet, IL 60435** | **U.S. Bank**<br>**P.O. Box 2407**<br>**Minneapolis, MN 55402** |
| **Jerome Zak**<br>**3815 Cherry Tree Lane**<br>**Joliet, IL 60435** | **First National Bank of IL**<br>**3256 Ridge Road**<br>**Lansing, IL 60438** |

**0**

_____ continuation sheets attached to Schedule of Codebtors

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Adam L. Clark** |
| Debtor 2<br>(Spouse, if filing) | **Alysia M. Clark** |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number<br>(If known) | |

Check if this is:

☐ An amended filing
☐ A supplement showing post-petition chapter 13 income as of the following date:

MM / DD / YYYY

## Official Form B 6I
## Schedule I: Your Income                                                    12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| | Employment status | ☑ Employed<br>☐ Not employed | ☑ Employed<br>☐ Not employed |
| | Occupation | **Tile Setter** | **Salon Manager** |
| | Employer's name | **Local 21** | **LA Tan** |
| | Employer's address | **660 N. Industrial Drive<br>Elmhurst, IL** | **2735 111th Street<br>Naperville, IL 60565** |
| | How long employed there? | 13 Years | 2 Years |

### Part 2:    Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ 4,713.97 | $ 1,433.26 |
| 3. | **Estimate and list monthly overtime pay.** | 3. | +$ 0.00 | +$ 0.00 |
| 4. | **Calculate gross income.** Add line 2 + line 3. | 4. | $ 4,713.97 | $ 1,433.26 |

Debtor 1   **Adam L. Clark**
Debtor 2   **Alysia M. Clark**

Case number (*if known*)

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| | **Copy line 4 here** | 4. $ 4,713.97 | $ 1,433.26 |
| 5. | **List all payroll deductions:** | | |
| | 5a. **Tax, Medicare, and Social Security deductions** | 5a. $ 1,005.72 | $ 399.38 |
| | 5b. **Mandatory contributions for retirement plans** | 5b. $ 0.00 | $ 0.00 |
| | 5c. **Voluntary contributions for retirement plans** | 5c. $ 0.00 | $ 0.00 |
| | 5d. **Required repayments of retirement fund loans** | 5d. $ 0.00 | $ 0.00 |
| | 5e. **Insurance** | 5e. $ 0.00 | $ 0.00 |
| | 5f. **Domestic support obligations** | 5f. $ 0.00 | $ 0.00 |
| | 5g. **Union dues** | 5g. $ 114.36 | $ 0.00 |
| | 5h. **Other deductions. Specify:** _____ | 5h.+ $ 0.00 | + $ 0.00 |
| 6. | **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. $ 1,120.08 | $ 399.38 |
| 7. | **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. $ 3,593.89 | $ 1,033.88 |
| 8. | **List all other income regularly received:** | | |
| | 8a. **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. $ 0.00 | $ 0.00 |
| | 8b. **Interest and dividends** | 8b. $ 0.00 | $ 0.00 |
| | 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. $ 0.00 | $ 729.00 |
| | 8d. **Unemployment compensation** | 8d. $ 0.00 | $ 0.00 |
| | 8e. **Social Security** | 8e. $ 0.00 | $ 0.00 |
| | 8f. **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: _____ | 8f. $ 0.00 | $ 0.00 |
| | 8g. **Pension or retirement income** | 8g. $ 0.00 | $ 0.00 |
| | 8h. **Other monthly income. Specify:** _____ | 8h.+ $ 0.00 | + $ 0.00 |
| 9. | **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. $ 0.00 | $ 729.00 |
| 10. | **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. $ 3,593.89 + $ 1,762.88 = $ 5,356.77 |  |

11. **State all other regular contributions to the expenses that you list in Schedule J.**
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify: _____ 11. +$ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data,* if it applies

12. $ 5,356.77

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**

■ No.

☐ Yes. Explain: _____

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Adam L. Clark** |
| Debtor 2 (Spouse, if filing) | **Alysia M. Clark** |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number (If known) | |

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2 maintains a separate household

# Official Form B 6J
# Schedule J: Your Expenses                                            12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Describe Your Household

1. **Is this a joint case?**

   ☐ No. Go to line 2.

   ■ Yes. **Does Debtor 2 live in a separate household?**

       ■ No

       ☐ Yes. Debtor 2 must file a separate Schedule J.

2. **Do you have dependents?**    ☐ No

   Do not list Debtor 1 and Debtor 2.

   ☐ Yes. Fill out this information for each dependent............

   Do not state the dependents' names.

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| **Daughter** | **12** | ☐ No  ■ Yes |
| **Son** | **13** | ☐ No  ■ Yes |
| **Son** | **16** | ☐ No  ■ Yes |
| | | ☐ No  ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**    ■ No    ☐ Yes

## Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 6I.)

| | | Your expenses |
|---|---|---|
| 4. | The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. $ 1,330.00 |
| | **If not included in line 4:** | |
| 4a. | Real estate taxes | 4a. $ 0.00 |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $ 0.00 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ 0.00 |
| 4d. | Homeowner's association or condominium dues | 4d. $ 0.00 |
| 5. | Additional mortgage payments for your residence, such as home equity loans | 5. $ 0.00 |

Debtor 1    **Adam L. Clark**
Debtor 2    **Alysia M. Clark**              Case number (if known) _____

| | | | | |
|---|---|---|---|---:|
| 6. | **Utilities:** | | | |
| | 6a. | Electricity, heat, natural gas | 6a. $ | 120.00 |
| | 6b. | Water, sewer, garbage collection | 6b. $ | 120.00 |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | 388.00 |
| | 6d. | Other. Specify: | 6d. $ | 0.00 |
| 7. | **Food and housekeeping supplies** | | 7. $ | 800.00 |
| 8. | **Childcare and children's education costs** | | 8. $ | 317.00 |
| 9. | **Clothing, laundry, and dry cleaning** | | 9. $ | 280.00 |
| 10. | **Personal care products and services** | | 10. $ | 80.00 |
| 11. | **Medical and dental expenses** | | 11. $ | 80.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | | 12. $ | 700.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | | 13. $ | 0.00 |
| 14. | **Charitable contributions and religious donations** | | 14. $ | 0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. | Life insurance | 15a. $ | 0.00 |
| | 15b. | Health insurance | 15b. $ | 0.00 |
| | 15c. | Vehicle insurance | 15c. $ | 160.00 |
| | 15d. | Other insurance. Specify: | 15d. $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | | 16. $ | 0.00 |
| 17. | **Installment or lease payments:** | | | |
| | 17a. | Car payments for Vehicle 1 | 17a. $ | 298.00 |
| | 17b. | Car payments for Vehicle 2 | 17b. $ | 210.00 |
| | 17c. | Other. Specify: | 17c. $ | 0.00 |
| | 17d. | Other. Specify: | 17d. $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 6I).** | | 18. $ | 800.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | | 19. $ | 0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.** | | | |
| | 20a. | Mortgages on other property | 20a. $ | 0.00 |
| | 20b. | Real estate taxes | 20b. $ | 0.00 |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. $ | 0.00 |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. $ | 0.00 |
| | 20e. | Homeowner's association or condominium dues | 20e. $ | 0.00 |
| 21. | **Other:** Specify:    **Auto Repairs & Maintenance** | | 21. +$ | 150.00 |
| | **Vehicle Reg & Stickers** | | +$ | 30.00 |
| 22. | **Your monthly expenses.** Add lines 4 through 21. The result is your monthly expenses. | | 22. $ | 5,863.00 |
| 23. | **Calculate your monthly net income.** | | | |
| | 23a. | Copy line 12 (*your combined monthly income*) from Schedule I. | 23a. $ | 5,356.77 |
| | 23b. | Copy your monthly expenses from line 22 above. | 23b. -$ | 5,863.00 |
| | 23c. | Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. $ | -506.23 |

24.   **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.

☐ Yes. Explain: _____

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Northern District of Illinois

In re    **Adam L. Clark**
     **Alysia M. Clark**
                                        Debtor(s)

Case No. _____

Chapter    **7**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of   **26**   sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date    **July 15, 2014**                      Signature    **/s/ Adam L. Clark**
                                                     **Adam L. Clark**
                                                     Debtor

Date    **July 15, 2014**                      Signature    **/s/ Alysia M. Clark**
                                                       **Alysia M. Clark**
                                                     Joint Debtor

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (04/13)

# United States Bankruptcy Court
## Northern District of Illinois

In re    **Adam L. Clark**
**Alysia M. Clark**                            Case No.

                                      Debtor(s)                Chapter     **7**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$24,801.18** | **Employment 2014, Husband** |
| **$54,510.00** | **Employment 2013, Husband** |
| **$8,952.07** | **Employment 2014, Wife** |
| **$12,225.81** | **Employment 2013, Wife** |
| **$11,195.00** | **Employment 2012, Wife** |

B7 (Official Form 7) (04/13)
2

## 2. Income other than from employment or operation of business

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$4,984.00** | **Unemployment Compensation 2013, Husband** |
| **$56,160.00** | **Workers Compensation 2012, Husband** |

## 3. Payments to creditors

None ☐

*Complete a. or b., as appropriate, and c.*

a.   *Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **Capital One Auto Finance**<br>**P.O. Box 60511**<br>**City of Industry, CA 91716-0511** | **last 3 months** | **$630.00** | **$6,677.75** |
| **Old Plank Trail Community Bank**<br>**20012 Wolf Road**<br>**Mokena, IL 60448** | **last 3 months** | **$894.00** | **$8,864.00** |

None ■

b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ☐

c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **George Horak**<br>**420 Main Street**<br>**Wauconda, IL 60084**<br>  **Wife's Uncle** | **August 2013** | **$2,000.00** | **$0.00** |

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B7 (Official Form 7) (04/13)
3

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Grove Dental Associates, P.C. v. Alysia Zak, 13SC03078WI** | **Alias Summons** | **Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois** | **Judgment Entered** |
| **Nationstar Mortgage LLC v. Debra Charles and Adam Clark, 13Ch00613** | **Foreclosure Summons** | **Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois** | **Pending** |
| **Bank of America, NA v. Alysia Zak and Jerome Zak, 12CH02776** | **Foreclosure Summons** | **Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois** | **Pending** |

None
■

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None
☐

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **First National Bank of IL**<br>**3256 Ridge Road**<br>**Lansing, IL 60438** | **February 2013** | **Residential Real Estate located at 504 Park Avenue, Plainfield, IL** |

**6. Assignments and receiverships**

None
■

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
■

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

B7 (Official Form 7) (04/13)
4

### 7. Gifts

None
■

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

### 8. Losses

None
■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

### 9. Payments related to debt counseling or bankruptcy

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| **Law Office Stuart B. Handelman** <br> **200 S. Michigan, Suite 1215** <br> **Chicago, IL 60604** | **October 2013 - May 2014** | **$1,395.00** |
| **Debthelper.com** | **June 2014** | **$24.00** |

### 10. Other transfers

None
☐

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |
| **Debra Charles** <br> **1437 Mesa Drive** <br> **Bolingbrook, IL 60490** <br> **Husband's Sister** | **2012/2013** | **Quit-Claimed 1437 Mesa Drive, Bolingbrook, IL 60490.  Property now in foreclosure.** |

None
■

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

B7 (Official Form 7) (04/13)
5

### 11. Closed financial accounts

None
☐

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |
| **BMO Harris Bank** | **Checking Account, xxxxxx4927** | **$0.00, February 2014** |
| **Fifth Third Bank** | **Checking Account** | **$0.00, 2013** |

### 12. Safe deposit boxes

None
■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

### 13. Setoffs

None
■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

### 14. Property held for another person

None
■

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

### 15. Prior address of debtor

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

### 16. Spouses and Former Spouses

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

B7 (Official Form 7) (04/13)
6

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■   a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■   b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■   c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None
■   a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None
■   b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

B7 (Official Form 7) (04/13)
7

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

### 19. Books, records and financial statements

None ■  a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
| --- | --- |

None ■  b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
| --- | --- | --- |

None ■  c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
| --- | --- |

None ■  d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
| --- | --- |

### 20. Inventories

None ■  a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
| --- | --- | --- |

None ■  b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
| --- | --- |

### 21 . Current Partners, Officers, Directors and Shareholders

None ■  a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
| --- | --- | --- |

None ■  b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
| --- | --- | --- |

B7 (Official Form 7) (04/13)
8

**22 . Former partners, officers, directors and shareholders**

None
■
a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None
■
b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

**23 . Withdrawals from a partnership or distributions by a corporation**

None
■
If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**24. Tax Consolidation Group.**

None
■
If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

**25. Pension Funds.**

None
■
If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

* * * * * *

**DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR**

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date   **July 15, 2014**                    Signature    **/s/ Adam L. Clark**
                                                          **Adam L. Clark**
                                                          Debtor

Date   **July 15, 2014**                    Signature    **/s/ Alysia M. Clark**
                                                          **Alysia M. Clark**
                                                          Joint Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B8 (Form 8) (12/08)

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Adam L. Clark**
  **Alysia M. Clark**

                                      Debtor(s)

Case No.                     

Chapter    **7**

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate.  Attach additional pages if necessary.)

B8 (Form 8) (12/08)                                                                                           Page 2

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>**Bank of America Home Loans** | **Describe Property Securing Debt:**<br>**Residential Real Estate located at 13917 South Marybrook Drive, Plainfield, IL 60544** |

Property will be (check one):
  ■ Surrendered                    ☐ Retained

If retaining the property, I intend to (check at least one):
  ☐ Redeem the property
  ☐ Reaffirm the debt
  ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
  ■ Claimed as Exempt              ☐ Not claimed as exempt

| Property No. 2 | |
|---|---|
| **Creditor's Name:**<br>**Capital One Auto Finance** | **Describe Property Securing Debt:**<br>**2008 Toyota Yaris, 63,000 miles**<br>**In Debtors' Possession** |

Property will be (check one):
  ☐ Surrendered                    ■ Retained

If retaining the property, I intend to (check at least one):
  ☐ Redeem the property
  ■ Reaffirm the debt
  ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
  ■ Claimed as Exempt              ☐ Not claimed as exempt

| Property No. 3 | |
|---|---|
| **Creditor's Name:**<br>**Nationstar Mortgage** | **Describe Property Securing Debt:**<br>**Real Estate located at 1437 Mesa Drive, Bolingbrook, IL 60490**<br>**DEBTOR NOT ON TITLE** |

Property will be (check one):
  ■ Surrendered                    ☐ Retained

If retaining the property, I intend to (check at least one):
  ☐ Redeem the property
  ☐ Reaffirm the debt
  ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
  ☐ Claimed as Exempt              ■ Not claimed as exempt

| Property No. 4 | |
|---|---|

B8 (Form 8) (12/08)                                                                                           Page 3

| Creditor's Name:<br>**Old Plank Trail Community Bank** | Describe Property Securing Debt:<br>**2009 Mitsubishi Outlander, 92,000 miles**<br>**In Debtors' Possession** |
|---|---|

Property will be (check one):
- ☐ Surrendered                    ■ Retained

If retaining the property, I intend to (check at least one):
- ☐ Redeem the property
- ■ Reaffirm the debt
- ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
- ☐ Claimed as Exempt                    ■ Not claimed as exempt

**PART B** - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>**-NONE-** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES        ☐ NO |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date   **July 15, 2014**                    Signature   **/s/ Adam L. Clark**
                                                          **Adam L. Clark**
                                                          Debtor

Date   **July 15, 2014**                    Signature   **/s/ Alysia M. Clark**
                                                          **Alysia M. Clark**
                                                          Joint Debtor

## United States Bankruptcy Court
### Northern District of Illinois

In re  **Adam L. Clark**
**Alysia M. Clark**

Debtor(s)

Case No. _____

Chapter  **7**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 1,395.00 |
| Prior to the filing of this statement I have received | $ | 1,395.00 |
| Balance Due | $ | 0.00 |

2.  $ **335.00**  of the filing fee has been paid.

3.  The source of the compensation paid to me was:

☒ Debtor   ☐ Other (specify):

4.  The source of compensation to be paid to me is:

☒ Debtor   ☐ Other (specify):

5.  ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.
**Except as follows: Attorneys: Kelly Johnson, Christina Lass, Kathleen Vaught, Alexandra Lewycky, Brad Brody,  David Siegel or Ronald Cummings may be compensated $25.00 to $75.00 to represent Debtor at a 341 hearing or in court.**

☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
d.  [Other provisions as needed]

7.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:
**Representation of the debtor(s) in any dischargeability actions, judicial liens, or any other adversary proceeding. Anticipated fee of $425.00 for possible redemption motions.**

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated: _____

/s/  Kelly Smith
**Kelly Smith**
**The Law Offices of Stuart B. Handelman, P.C.**
**200 S. Michigan Avenue, Suite 205**
**Chicago, IL 60604**
**(312) 360-0500   Fax: (312) 360-1033**
**court@sbhpc.net**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

### RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN
### CHAPTER 13 DEBTORS AND THEIR ATTORNEYS
#### (Court-Approved Retention Agreement, revised as of March 15, 2011)

Chapter 13 gives debtors important rights, such as the right to keep property that could otherwise be lost through repossession or foreclosure—but Chapter 13 also puts burdens on debtors, such as the burden of making complete and truthful disclosures of their financial situation. It is important for debtors who file a Chapter 13 bankruptcy case to understand their rights and responsibilities in bankruptcy. In this connection, the advice of an attorney is often crucial. Debtors are entitled to certain services from by their attorneys, but debtors also have responsibilities to their attorneys. In order to assure that debtors and their attorneys understand their rights and responsibilities in the Chapter 13 process, the judges of the Bankruptcy Court for the Northern District of Illinois have approved the following agreement, setting out the rights and responsibilities of both debtors in Chapter 13 and their attorneys. By signing this agreement, debtors and their attorneys accept these responsibilities.

#### *BEFORE THE CASE IS FILED*

THE DEBTOR AGREES TO:

1. Discuss with the attorney the debtor's objectives in filing the case.

2. Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

THE ATTORNEY AGREES TO:

1. Personally counsel the debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

2. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in the case, as required by Local Bankruptcy rule and explain how and when the attorney's fees and the trustee's fees are determined and paid.

3. Personally review with the debtor and sign the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later. (The schedules may be initially prepared with the help of clerical or paralegal staff of the attorney's office, but personal attention of the attorney is required for the review and signing.)

4. Timely prepare and file the debtor's petition, plan, statements, and schedules.

5. Explain to the debtor how, when, and where to make all necessary payments, including both payments that must be made directly to creditors and payments that must be made to the Chapter 13 trustee, with particular attention to housing and vehicle payments.

6. Advise the debtor of the need to maintain appropriate insurance.

### *AFTER THE CASE IS FILED*

#### THE DEBTOR AGREES TO:

1. Make the required payments to the trustee and to whatever creditors are being paid directly, or, if required payments cannot be made, to notify the attorney immediately.

2. Appear punctually at the meeting of creditors (also called the "341 meeting") with recent proof of income and a picture identification card. (If the identification card does not include the debtor's social security number, the debtor will also bring to the meeting a social security card.) The debtor must be present in time for check-in and when the case is called for the actual examination.

3. Notify the attorney of any change in the debtor's address or telephone number.

4. Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

5. Contact the attorney immediately if the debtor loses employment, has a significant change in income, or experiences any other significant change in financial situation (such as serious illness, marriage, divorce or separation, lottery winnings, or an inheritance).

6. Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce).

7. Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS or Illinois Department of Revenue.

8. Contact the attorney before buying, refinancing, or selling real property, and before entering into any loan agreement.

9. Supply the attorney with copies of all tax returns filed while the case is pending.

#### THE ATTORNEY AGREES TO:

1. Advise the debtor of the requirement to attend the meeting of creditors, and notify the debtor of the date, time, and place of the meeting.

2. Inform the debtor that the debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

3. Provide knowledgeable legal representation for the debtor at the meeting of creditors (in time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

4. If the attorney will be employing another attorney to attend the 341 meeting or any court hearing, personally explain to the debtor in advance, the role and identity of the other

2

attorney and provide the other attorney with the file in sufficient time to review it and properly repre-sent the debtor.

5. Timely submit to the Chapter 13 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7. Timely prepare, file, and serve any necessary statements, amended statements and schedules and any change of address, in accordance with information provided by the debtor.

8. Monitor all incoming case information (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and com-pleteness. Contact the trustee promptly regarding any discrepancies.

9. Be available to respond to the debtor's questions throughout the term of the plan.

10. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

11. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

12. Object to improper or invalid claims.

13. Timely respond to the Chapter 13 trustee's motions to dismiss the case, such as for payment default, or unfeasibility, and to motions to increase the percentage payment to unsecured creditors.

14. Timely respond to motions for relief from stay.

15. Prepare, file, and serve all appropriate motions to avoid liens.

16. Provide any other legal services necessary for the administration of the case.

### ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES

1. Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case unless otherwise ordered by the court. For all of the services outlined above, the attorney will be paid a fee of

3

4000·00
$  3,500.00  .

1000·00
$3000·00  Prior to signing this agreement the attorney has received $  0.00  , leaving a balance due of
$  3,500.00  . In extraordinary circumstances, such as extended evidentiary hearings or appeals,
the attorney may apply to the court for additional compensation for these services. Any such
application must be accompanied by an itemization of the services rendered, showing the date,
the time expended, and the identity of the attorney performing the services. The debtor must be
served with a copy of the application and notified of the right to appear in court to object.

2. *Early termination of the case*. Fees payable under the provisions set out above are not
refundable in the event that the case is dismissed, unless the dismissal is due to a failure by the
attorney to comply with the duties set out in this agreement. If a dismissal is due to such a failure
by the attorney, the court may order a refund of fees on motion by the debtor.

3. *Retainers*. The attorney may receive a retainer or other payment before filing the case, but
may not receive fees directly from the debtor after the filing of the case. Unless the following
provision is checked and completed, any retainer by the attorney will be treated as a security
retainer, to be placed in the attorney's client trust account until approval of a fee application by
the court.

■ Any retainer received by the attorney will be treated as an advance payment, allowing the
attorney to take the retainer into income immediately. The reason for this treatment is the
following:

**Earned Income for services provided through confirmation**

In any application for fees, whether or not requiring an itemization, the attorney shall disclose to
the court any fees paid by the debtor prior to the case filing.

4. *Improper conduct by the attorney*. If the debtor disputes the sufficiency or quality of the legal
services provided or the amount of the fees charged by the attorney, the debtor may file an
objection with the court and request a hearing.

5. *Improper conduct by the debtor*. If the attorney believes that the debtor is not complying with
the debtor's responsibilities under this agreement or is otherwise not engaging in proper conduct,
the attorney may apply for a court order allowing the attorney to withdraw from the case.

6. *Discharge of the attorney*. The debtor may discharge the attorney at any time.
Date: 10-28-17

Signed:

_____        _____
                                          **Kelly Smith**
                                          Attorney for Debtor(s)

_____
Debtor(s)
Do not sign if the fee amount at top of this page is blank.

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

# THE LAW OFFICES OF
# STUART B. HANDELMAN
### A PROFESSIONAL CORPORATION

*WWW.CHICAGOLANDBANKRUPTCY.COM*

Stuart B. Handelman
Jean M. Huang
Kelly Smith

200 S. Michigan Avenue, Suite 205
Chicago, Illinois 60604-4398
Telephone (312) 360-0500
Fax (312) 360-1033

## ADVANCE PAYMENT RETAINER FOR CHAPTER 7 BANKRUPTCY

I, (the Debtor, whether one or more parties), hereby retain The Law Offices of Stuart B. Handelman, P.C. ("The Attorney") to represent me in a Chapter 7 bankruptcy. I hereby give permission to The Firm to hire co-counsel. or independent contractors in my Chapter 7 bankruptcy. Debtor acknowledges receiving a copy of this contract.

The parties agree as follows:

1.      Type of Bankruptcy.

Debtor retains Attorney to file a Chapter 7 bankruptcy case. If the Debtor determines at a later date that the Debtor desires to file a Chapter 13 bankruptcy case, the parties shall execute a new fee contract setting forth the terms of such representation.

2.      Base Attorney Fees.

The base attorney fee for filing the Chapter 7 bankruptcy case is $1,395.00. Debtor agrees to pay the base attorney fee by the agreed date of May 29. 2014. In the event the base attorney fee is not paid in full by agreed date. the base fee will increase $200.00 per month. **ALL RETURNED CHECKS ARE SUBJECT TO A $25.00 PROCESSING FEE.**

The base fee is based on the following assumptions:

(a)     The Debtor has provided the Attorney with complete and accurate information.
(b)     The Debtor's circumstances. particularly the Debtor's Current Monthly Income as defined by the Bankruptcy Code, does not change prior to the actual filing of the Chapter 7 Bankruptcy case.
(c)     The Debtor must pay the fee prior to the filing of the case. Debtor understands that no bankruptcy protection is in effect until the case is filed with the court.

If any of these assumptions prove to be inaccurate, and as a result the amount of legal services provided by the Attorney is increased. then the base attorney fee shall be increased accordingly and to compensate the Attorney for the additional time and services in providing the legal services. At such time, the parties must execute a supplement to this Agreement. If the Debtor refuses to sign such a supplement, then the Attorney-Debtor relationship shall be terminated and no Chapter 7 bankruptcy Case will be filed for Debtor by the Attorney.

Because of the extent and urgent nature of the work that we will be doing for you, we require a retainer, which is an Advance Payment Retainer ("APR"). This means that once received, the funds paid by you, will become the property of Firm and will not be deposited and held in a client trust account. Instead, the funds will be deposited in the Firm's general account and applied to the work we perform on your behalf. With other firms you may have the option of using a security retainer instead of an APR. Our firm is unwilling to undertake the

Initials *AL    ac*

engagement unless an APR is agreed to. By using APR, our firm will not be subject to attachment from your creditors.

3.     Refund of Percentage of Base Fee.

In the event the legal services provided for herein are terminated by either party prior to the filing of a Chapter 7 bankruptcy case, then the Debtor may be entitled to a refund of some of the base fee. The refund shall be determined by the number of hours devoted by Attorney to the case prior to the time of termination computed at the rate of $350.00 per hour; by the time devoted to the case by the Legal Assistants of Attorney computed at the rate of $100.00 per hour: by adding all expenses incurred (such as copies, postage, securing records and documents, tax transcripts, credit reports. etc); and then by deducting the total amount of all charges from the Base Fee. If the event the total of all such fees and charges exceed the Base Fee, the Debtor's liability shall be limited to the amount of the Base Fee.

4.     Debtor's Obligations to Pay Designated Costs.

The Debtor shall be obligated to pay the following costs related to the filing of a Chapter 7 bankruptcy case. The costs are as follows:

(a)     The fee of $335.00 charged by the Bankruptcy Court to file a Chapter 7 bankruptcy case.
(b)     The cost of pre-filing consumer credit counseling, which is a prerequisite to filing for bankruptcy relief. which is approximately $50.00 for an individual and no more than $75.00 for a husband and wife.
(c)     The cost of a post-filing instructional course concerning personal financial management, which is a prerequisite to obtaining the Discharge of debts in a Chapter 7 case. The amount of this fee is not known at this time but should be consistent with the pre-filing credit counseling fees.
(d)     The cost of obtaining any consumer credit reports.
(e)     The cost of obtaining tax returns or tax transcripts directly from the taxing authorities or from any third-party provider.
(f)     The cost of obtaining copies of judgments, deeds, deeds of trust, title certificates, court papers, county tax records, and other similar documents.
(g)     The cost of securing any prior court records from the PACER system for federal cases.
(h)     The cost of securing any other records or statements not otherwise produced by or available to the Debtor.
(i)     Additionally, Debtor agrees to be prompt and attend all scheduled office consultations, including the appointment to sign the petition. Debtor understands that a fee of $100.00 will be assessed if Debtor fails to appear or cancels an appointment within 1 business day of the scheduled meeting.

5.     Services provided Under the Attorney's Base Fee.

The services of the attorney included in the base fee are those normally contemplated for a Chapter 7 case. They include the services listed below:

(a)     All services reasonably necessary to fully inform the Debtor of the Debtor's rights and responsibilities under the Bankruptcy Laws.
(b)     All services reasonably necessary to enable the Debtor to make an informed decision about the filing of a Chapter 7 bankruptcy case.
(c)     Advising the Debtor of all available exemptions under any applicable law and assisting the Debtor in claiming the exemptions that best serve the Debtor's needs and desires.
(d)     Assisting the Debtor in complying with all of the requirements imposed by the Bankruptcy Laws, the Bankruptcy Rules, or any Local Bankruptcy Rules.

Initials

(e)   Preparation and electronic filing of petition, schedules, supplemental local forms, and mailing matrix.

(f)   Drafting and mailing notice to creditors advising of filing of case.

(g)   Drafting and mailing to you a letter regarding your attendance at the Section 341 meeting of creditors and your other responsibilities.

(h)   Preparation for and attendance at Section 341 meeting, either by an employee or an independent contractor.

(i)   Filing of any motions to avoid non-purchase money liens on exempt household goods and judgment liens that impair exempt property.

(j)   Assisting the Debtor in carrying out the Debtor's Statement of Intentions, provided that the Debtor pays the Non-Base Fee for any redemption.


(k)   Assisting the Debtor in complying with all proper and timely requests for information and/or documents by the Bankruptcy Trustee, the Bankruptcy Administrator, the Court, or other parties involved in the case.

(l)   Communicating as necessary with the creditors and other parties involved in the case (including their attorneys) to facilitate the administration of the case and the application of the Automatic Stay.

6.   **The Law Firm will not represent the Client(s) in any reaffirmation hearings where attorney believes the filing of such agreement constitutes an undue hardship and is not in the best interests of the Client(s).**   A reaffirmation agreement is a legally valid contract that if the Client(s) defaults post-discharge he/she could lose the collateral that is the subject of the agreement.   A debt that is reaffirmed is not discharged in your bankruptcy case. The Client(s) has 60 days after an agreement is filed with the Court to rescind said agreement.   If the Client(s) desires to reaffirm a debt, the Client(s) must file a proper motion with the Court. The Client(s) may do this without an attorney.   If the Client(s) does not have a separate attorney to sign the certification, then the Client must get the Court to approve the agreement.

**THE LAW FIRM WILL NOT CERTIFY ANY REAFFIRMATION AGREEMENTS WHERE THE BANKRUPTCY SCHEDULES SHOW THAT THE CLIENT(S) = MONTHLY INCOME IS LESS THAN THE CLIENT(S) = MONTHLY EXPENSES, REGARDLESS OF ANY OTHER CIRCUMSTANCES.**

7. Compensation for Non-Base Legal Services.

For such non-base services, you may be charged without any further notice and in the discretion of the Court non-base fees for the following services and in the amounts noted:

(a)   Amendments to Schedules & Court Fee      $130.00

(b)   Motion to continue the 341 meeting      $225.00

(c)   Defending a motion for relief from stay      $450.00

(d)   Motion for Redemption      $350.00

(e)   Motion to continue the Automatic Stay      $450.00

(f)   Motion to Avoid a Lien or Judgment      $495.00

(g)   With respect to all other mattes, other than the contingent fee cases described below, the Attorney will keep time and expense records for any non-base service and apply to the Court for the approval of the fee plus all expenses incurred.   The current hourly fee for your Attorney is $255.00 and the current hourly fee for his Legal Assistant is $125.00.

(h)   The attorney will be entitled to a contingency fee equal to 50% of any actual recovery from any party for a violation of the automatic stay, the discharge injunction, or for breach of any state or federal consumer protection statutes.

Initials _AC_  _QC_

8.      Expenses.

The Attorney shall be entitled to apply to the Court for approval of any expenses related to your case for base fee or non-base fee services.  Such expenses include but are not limited to court fees, telephone fees, fax fees, copy fees, postage fees. PACER fees, electronic or other research fees.  In the Court's discretion, the Attorney may request without any notice or documentation a blanket expense of $1.00 for each item noticed to creditors as an expense for postage, copying and envelopes.

9.      Payment of Base and Non-Base Fees.

(a)     The Base Fee shall be paid in full prior to the time the Attorney begins any actual work on the Chapter 7 Petition and Schedules.

(b)     All fixed Non-Base fees must be paid in Advance of the Service by the Debtor.

(c)     Fees for services based on time and expenses shall be paid within 30 days of the Debtor's receipt of the bill for such services: provided, however, that the Attorney may require the payment of a retainer fee for non-base services that are expected to require more than 2 hours of the Attorney's time.

(d)     The Debtor understands that if the Debtor does not pay the non-base fees as provided in this Agreement then the Attorney has no obligation to provide the non-base services and has the right to file a motion to withdraw as the attorney for the debtor in the Chapter 7 case, the contested case, or the adversary proceeding.

10.     Means Test Services.

With respect to the "means test" provisions imposed by Section 707(b) of the Bankruptcy Code, the base fee charged in this case is based on one of the four assumptions set forth below.  The assumption that applies is designated by the initials of the Debtor placed after the Assumption.

(a)     The Debtor's debts are not primarily consumer debts and therefore the "means test" does not apply. The parties assume that no issues concerning the "means test" will arise in this case.

(b)     The Debtor's current monthly income as defined by the Bankruptcy Code is below the median income.  The parties assume that no issues concerning the "means test" will arise in this case.

(c)     The Debtor's current monthly income as defined by the Bankruptcy Code is above the median income but the Debtor's expenses, as calculated under Section 707(b)(2)(A) are sufficient to rebut the presumption that the filing of a Chapter 7 case would be an abuse of the Bankruptcy laws.  The parties assume that no issues concerning the "means test" will arise in this case.

(d)     A presumption of Bankruptcy abuse does arise in this case, but the Debtor and the Attorney will attempt to rebut the presumption by demonstrating extraordinary circumstances pursuant to Section 707(b)(2)(B) of the Bankruptcy Code.  Attached to this Agreement is an Addendum setting forth an explanation of the Debtor's obligations in demonstrating extraordinary circumstances and the details of the parties' Agreement concerting fees for proceedings related to the establishment of extraordinary circumstances.

11.     Debtor's Obligations.

The Debtor's obligations are as follows:

(a)     To promptly pay all Base and Non-Base Legal fees and charges.

(b)     To provide the Attorney with all requested documents, bills statements, payment advices, bank records, tax returns, tax bills, appraisals, retirement and savings account, and income information and to sign any and all necessary forms to allow the Attorney to secure such documentation.

Initials ___

(c)   To provide accurately and honestly all of the information necessary to prepare and file the Chapter 7 bankruptcy case, and other motions or proceedings arising during the course of the case.

(d)   To timely respond to all letters, emails and telephone calls from the Attorney or any member of his staff.

(e)   To keep the Attorney advised at all times of the Debtor's mailing and physical addresses, telephone numbers, and email addresses.

(f)   To appear at the first meeting of creditors (the 341 meeting) and at any other court hearings or meetings as may be required by the Court or any other party.

(g)   To keep all scheduled office appointments with the Attorney and to notify the Attorney in advance of any problems with the timing and scheduling or rescheduling of such appointments.

(h)   To contact the attorney by Telephone with the understanding that the Attorney is only able to return calls between the hours of 8:00 a.m. to 9:30 a.m. and 4:00 p.m. to 6:00 p.m.  If the Attorney is available when the call is actually received, then the call will be taken at that time.  However, if you have to leave a message for the Attorney then you must provide a number that you can be reached at during the designated times.  The Attorney or Legal Assistant will make every effort to return all such telephone calls within 48 hours, excluding weekends and holidays.

(i)   To provide any information requested of the Debtor by the Chapter 7 Trustee, the Bankruptcy Administrator, or any other party in the case, unless the Court rules that the Debtor is not required to provide such information.

(j)   To respond as soon as possible to any requests for the Debtor by the Attorney or his Legal Assistant.

(k)   To sign a tax authorization form to authorize the Attorney to get copies of income tax returns from the respective taxing agencies for a period of four (4) years prior to the filing of your bankruptcy case.

(l)   To provide current bank account information to include monthly statements as requested and online account balances as of the date of the signing of your bankruptcy petition packet.

12.   Electronic Communications

You agree that we may provide you with any communications that we may choose to make available in electronic format, to the extent allowed by law, and that we may discontinue sending paper communication to you, unless and until you withdraw your consent by (a) speaking to an Attorney in the firm, and (b) sending a written notice to the Attorney withdrawing the consent for electronic communication.

Your consent to receive electronic communications and transactions includes, but is not limited to: correspondence regarding the status of your case, termination of our services, court orders, court results, notices, monthly (or other periodic) billing or account statements for your account.

You further agree to immediately notify us of any changes to your email address.

_____   _____
(Initials)        (Initials)

13.   Attorney Withdrawal from Chapter 7 case, Adversary Proceeding or Contested Matter.

Pursuant to the Local Rules of the Bankruptcy Court, the Attorney shall remain the responsible attorney of record for the Debtor in all matters in the case until the case is closed, dismissed or the discharge is entered or until the Attorney is relieved from such representation by order of the Court.  The parties agree that just reasons for the Attorney to withdraw from the representation of the Debtor, include but are not limited to the following:

(a)   The failure of the Debtor to provide complete, truthful and accurate information to the Attorney.

(b)   The failure of the Debtor to comply with the Debtor's obligations as provided for in this Agreement and in the Local Rules.

Initials 

(c)  The failure of the Debtor to comply with any of the obligations imposed on the Debtor by the Bankruptcy Code and the Bankruptcy Rules.

(d)  The failure or refusal of the Debtor to comply with the Debtor's obligations to provide any supplemental information to the Court or to the Chapter 7 Trustee or to correct any incorrect or incomplete information previously provided to the Court or the Trustee.

(d)  The failure of the Debtor to provide complete, truthful and accurate information to the Court, the Chapter 7 Trustee.

(e)  The failure of the Debtor to pay for all Non-Base fee services.

(f)  If the Debtor are husband and wife, then any separation, serious domestic dispute, or divorce of the parties.

(g)  Any irreconcilable conflict between the Attorney and the Debtor with respect to the case.

14.  Non-Discharge of Certain Debts.

I have been told that some debts are not discharged by a Chapter 7 bankruptcy. I understand that **some** of the debts that are not dischargeable are (1) Certain tax debts and other debts or fines owed to governmental units, including parking tickets (2) Debts incurred by fraudulent means, including but not limited to, recent cash advances and other recent usage, (3) Accidents while driving under the influence of drugs or alcohol, (4) Alimony and child support, (5) judgment liens and liens on property, (6) Intentional torts, and (7) Credit card charges used to pay State or Federal Taxes. (8) Student Loans owed to the government and non-government agencies.

**Debtor has been informed, and fully understands, the following restrictions regarding receiving a discharge in another bankruptcy once Debtor receives a discharge in this bankruptcy:**

**(a)  A chapter 7 Debtor may not be granted a discharge if a discharge was received under chapter 7 in a case filed within eight years of the filing of a chapter 7 petition.  (Eight years between chapter 7 discharges).**

**(b)  A chapter 13 Debtor may not be granted a discharge if he/she received a discharge in a previous chapter 7, 11 or 12 filed within four years of the filing of a chapter 13.  (Four years between chapter 7 and then a chapter 13 discharge).**

Dated:  _____5-29-14_____

By:  _____

The Law Offices of Stuart B. Handelman, P.C.

Dated:  _____5-29-14_____

Debtor:  _____

If a Joint Case:

Dated:  _____5-29-14_____

Debtor:  _____

Initials _____ _____

B 201A (Form 201A) (6/14)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $75 administrative fee, $15 trustee surcharge: Total Fee $335)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $75 administrative fee: Total Fee $310)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over

a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1,167 filing fee, $550 administrative fee: Total Fee $1,717)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $75 administrative fee: Total Fee $275)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Adam L. Clark**
      **Alysia M. Clark**
                              Debtor(s)

Case No.

Chapter   **7**

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

**Adam L. Clark**
**Alysia M. Clark**

Printed Name(s) of Debtor(s)

Case No. (if known)

X  **/s/ Adam L. Clark**           **July 15, 2014**

    Signature of Debtor            Date

X  **/s/ Alysia M. Clark**         **July 15, 2014**

    Signature of Joint Debtor (if any)    Date

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com              Best Case Bankruptcy

# United States Bankruptcy Court
## Northern District of Illinois

In re **Adam L. Clark**
**Alysia M. Clark**

Debtor(s)

Case No.

Chapter    **7**

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors:    **44**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:    **July 15, 2014**            **/s/ Adam L. Clark**
                            **Adam L. Clark**
                            Signature of Debtor

Date:    **July 15, 2014**            **/s/ Alysia M. Clark**
                            **Alysia M. Clark**
                            Signature of Debtor